UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIS BERMUDEZ-GOMEZ,**

    **Petitioner,**

v.                                                                              **Case No. 8:20-cv-347-MSS-MRM**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

    **Respondent.**
_____/

**O R D E R**

    Bermudez-Gomez petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for burglary and possession of burglary tools. (Doc. 1) The Respondent moves to dismiss the petition as untimely, and Bermudez replies that the limitation period should equitably toll. (Doc. 12, Docs. 16 and 17, respectively) The parties submitted supplemental briefs addressing the merits of the claim in the petition. (Docs. 20 and 21) After reviewing the petition, the motion to dismiss, the reply, the supplemental briefs, and the state court record, the Court **DENIES** Bermudez-Gomez's petition.

**PROCEDURAL HISTORY**

    An information charged Bermudez-Gomez with two counts of burglary and one count of possession of burglary tools. (Doc. 12-2 at 12–13) Bermudez-Gomez pleaded *no lo contendere* to the crimes without an agreement with the prosecutor. (Doc. 12-2 at 15–18) The trial court sentenced Bermudez-Gomez to fifteen years of prison for one burglary conviction, a consecutive fifteen years for the second burglary conviction, and a consecutive five years for the possession of burglary tools conviction, for an aggregate sentence of thirty-five years, the

1

statutory maximum. (Doc. 12-2 at 104–09) Bermudez-Gomez's lengthy criminal history supported the aggravated sentence. (Doc. 12-2 at 83–84)

Bermudez-Gomez appealed, appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) (Doc. 12-2 at 127–33), and the state appellate court affirmed on July 1, 2016. *Bermudez-Gomez v. State*, 195 So. 3d 376 (Fla. 2d DCA 2016).

On February 3, 2016, while the direct appeal was pending, Bermudez-Gomez moved to withdraw his plea. (Doc. 12-2 at 135–36) The trial court denied the motion after an evidentiary hearing on February 5, 2016. (Doc. 12-2 at 163–68) At the end of the hearing, Bermudez-Gomez's counsel asked the trial judge to appoint the public defender for an appeal, and the trial judge confirmed that the public defender was appointed. (Doc. 12-2 at 168)

In the *Anders* brief filed on December 21, 2015, before Bermudez-Gomez moved to withdraw his plea, the public defender represented that Bermudez-Gomez had not moved to withdraw his plea. (Doc. 12-2 at 132) After the evidentiary hearing, the public defender did not amend the *Anders* brief to notify the state appellate court that Bermudez-Gomez had moved to withdraw his plea.

On February 10, 2016, less than a week after the evidentiary hearing, the state appellate court notified Bermudez-Gomez that the public defender had filed an *Anders* brief and advised Bermudez-Gomez that he may "file with [the] court an additional brief calling the court's attention to any matters he feels should be considered in connection with [the] appeal." (Doc. 20-2 at 10) Bermudez-Gomez did not file a *pro se* brief and did not notify the state appellate court that he had moved to withdraw his plea.

On February 15, 2017, over seven months after the direct appeal concluded, Bermudez-Gomez filed a petition seeking a belated appeal of the order denying his motion to

2

withdraw the plea. (Doc. 12-2 at 225–32) Because the trial court never entered a written order denying the motion, the state appellate court dismissed the petition seeking a belated appeal without prejudice and directed Bermudez-Gomez to request a written order from the trial court. (Doc. 12-2 at 234) The trial court entered a written order denying the motion on the merits (Doc. 12-2 at 236), Bermudez-Gomez timely appealed, and the state appellate court reversed and remanded with directions to the trial court to dismiss the motion for lack of jurisdiction. *Bermudez-Gomez v. State*, 276 So. 3d 47 (Fla. 2d DCA 2019). The state appellate court determined that, because Bermudez-Gomez filed the motion after filing a notice of appeal, the trial court lacked jurisdiction to rule on the motion. 276 So. 3d at 47. On remand, the trial court entered an order dismissing the motion. (Doc. 12-2 at 346–47)

Bermudez-Gomez filed a petition alleging ineffective assistance of appellate counsel (Doc. 12-2 at 173–218), and the state appellate court denied the petition. (Doc. 12-2 at 220) Also, Bermudez-Gomez filed a petition for a writ of habeas corpus based on manifest injustice (Doc. 12-2 at 308–23), and the state appellate court denied the petition. (Doc. 12-2 at 349) His federal petition follows.

In his federal petition, Bermudez-Gomez asserts that trial counsel deficiently performed by misadvising him of the maximum sentence that he could receive if he pleaded guilty. (Doc. 1)

## PROCEDURAL BARS

The Respondent asserts that the petition is time-barred (Docs. 12 and 20 at 14–17) and that the claim in the federal petition is procedurally defaulted. (Doc. 20 at 22–23) Bermudez asserts that equitable tolling applies (Docs. 16, 17, and 21), and ineffective assistance of trial counsel and appellate counsel excuses the procedural default. (Docs. 2, 17, and 21) Because

3

these procedural bars raise complicated issues and neither the statute of limitations nor a procedural default is a jurisdictional bar to review on federal habeas, the Court proceeds to the merits of the claim in the interest of judicial economy. *Day v. McDonough*, 547 U.S. 198, 205 (2006); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

## STANDARD OF REVIEW

Bermudez-Gomez asserts ineffective assistance of counsel — a difficult claim to sustain. The standards in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), apply to an ineffective assistance of counsel claim arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). *Strickland*, 466 U.S. at 687, explains:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

"There is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697. "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct

on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To demonstrate prejudice for a claim arising from a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. A defendant cannot meet his burden by showing that the avenue chosen by counsel was unsuccessful. *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).

**MERITS**

**Ground One**

Bermudez-Gomez asserts that his guilty plea was involuntary because he thought that he faced fifteen years, instead of thirty-five years, in prison if he pleaded guilty. (Doc. 1 at 8–15) He contends that the state court unreasonably denied the claim because trial counsel testified at the evidentiary hearing that he advised Bermudez-Gomez that the maximum sentence was fifteen years in prison instead of thirty-five years. (Doc. 1 at 7–10) Because the trial court advised Bermudez-Gomez at the change of plea hearing that the maximum sentence was thirty-five years, Bermudez-Gomez's claim is refuted by the record.

5

At the evidentiary hearing, trial counsel testified that he advised Bermudez-Gomez that the maximum sentence that he faced if he pleaded guilty was fifteen years in prison (Doc. 12-2 at 144–45):

> [PCR counsel:] Okay. And prior to entering the plea, what were your discussions with Mr. Bermudez-Gomez regarding his maximum exposure?
>
> [Trial counsel:] He knew — I don't specifically recall telling him his maximum exposure was thirty-five years although I'm sure the court did and I know, during the plea, it was — it was mentioned and I did talk to him about that.
>
> And, essentially, what I told him is, "You're — you can get the maximum if you go to trial and there are aggravating circumstances and you get convicted. That's the possibility that may happen." I also told him that, in my experience [of] just over twenty-eight years, I don't ever remember anybody getting the maximum, much less the maximum consecutive on a plea where they accepted responsibility without aggravating circumstances. So, he relied on that when he entered his plea. I mean, that — that was my conversation with him, that it's possible, but it never happens.
>
> [PCR counsel:] And when you explained to him the [maximum], was it you saying thirty-five years or you saying fifteen years?
>
> [Trial counsel:] Fifteen.
>
> [PCR counsel:] So, you remember and recall telling him he could be maxed out at fifteen years?
>
> [Trial counsel:] Correct.
>
> [PCR counsel:] Okay. And —

> [Trial counsel:]   He could — because, as I said, typically, if somebody enters an open plea, you would — consecutive time is really out of the question. It's never seen — I've never even seen it [ ] considered in a plea. "You know, your exposure is up to the fifteen," was the discussion I had [with] him, but I told him, "You're not even going to get that," and I was confident that seven years is about where this would land.
>
> [PCR counsel:]   And, so, you relayed to him you were confident seven years is where this would land?
>
> [Trial counsel:]   Yes, I did.

At the change of plea hearing, Bermudez-Gomez swore under oath that he understood English, was not under the influence of medication, alcohol, or drugs, and did not suffer from mental illness. (Doc. 12-2 at 24–26) He further swore under oath that he understood that he faced a maximum sentence of thirty-five years by pleading guilty (Doc. 12-2 at 26–34):

> [Trial court:]   Do you understand that you're pleading open to two counts of — two second-degree felonies each of which is punishable by up to fifteen years in prison?
>
> [Bermudez-Gomez:]   Yes, sir.
>
> [Trial court:]   And you understand that a lawful sentence could be consecutive sentencing on each, for a total of thirty years?
>
> [Bermudez-Gomez:]   Yes, Your Honor.
>
> [Trial court:]   And, State, what is the presumptive minimum in this case?

7

| | |
|---|---|
| [Prosecutor:] | Judge, Mr. Bermudez has an extensive prior record, but because his last sentence — or conviction was finished in 2000, without those being scored on his scoresheet he scores 44.7 months up to thirty-five years. |
| [Trial court:] | Sir, do you understand that your presump[tive] minimum sentence on these charges is 44.7 months in the Department of Corrections? |
| [Bermudez-Gomez:] | Yes, Your Honor. |
| [Trial court:] | Do you understand that your attorney is going to come with you to sentencing on June 19th and ask you that you receive less than that? |
| [Bermudez-Gomez:] | Yes, Your Honor. |
| [Trial court:] | Okay. But there's no guarantees at this point; do you understand? |
| [Bermudez-Gomez:] | Yes, sir. |
| [Trial court:] | Okay. Let's see. Do you have any questions about anything that's handwritten or printed on the form? |
| [Bermudez-Gomez:] | No, Your Honor. |
| [Trial court:] | Are you satisfied with the advice and representation of your attorney? |
| [Bermudez-Gomez:] | Yes, I [am]. |
| [Trial court:] | Have there been any promises or representations made to you that are not contained in the plea form? |
| [Bermudez-Gomez:] | No, Your Honor. |

8

| | |
|---|---|
| [Trial court:] | Okay. You just — you have to be sure. This is a very important day for you, so are there any — any promises or representations made to you that aren't contained in the plea form? |
| [Bermudez-Gomez:] | No promises, Your Honor. |

. . .

| | |
|---|---|
| [Trial court:] | Do you understand that there's no guarantee as to what the sentence will be on June 19th? |
| [Bermudez-Gomez:] | Yes, Your Honor. |

. . .

| | |
|---|---|
| [Trial court:] | Has anyone promised you anything or made any other representations to you other than as to the agreed upon sentence to get you to enter your plea? |
| [Bermudez-Gomez:] | No, Your Honor. |
| [Trial court:] | You have to answer out loud, sir. |
| [Bermudez-Gomez:] | No, sir. |
| [Trial court:] | Do you feel that anyone has misadvised you in any way, or misrepresented anything, in order for you to enter your plea? |
| [Bermudez-Gomez:] | No, Your Honor. |
| [Trial court:] | Do you have any questions you'd like to ask me? |
| [Bermudez-Gomez:] | No, sir. |
| [Trial court:] | After everything we'[ve] discussed, do you still wish to enter this plea of guilty to two counts of burglary |

9

| | |
|---|---|
| | of an unoccupied residence in case CRC13-14941CFANO, and that it is in your best interest to enter this plea? |
| [Bermudez-Gomez:] | Yes. |
| [Trial court:] | Do you enter this plea of guilt[ ] freely, knowingly, and voluntarily? |
| [Bermudez-Gomez:] | Yes. |
| . . . | |
| [Prosecutor:] | . . . There's also a possession of burglary tools — |
| [Trial counsel:] | Right. |
| [Prosecutor:] | — that he's pleading to. |
| [Trial court:] | Okay. All right. I see that. |
| [Trial counsel:] | Three counts for him. |
| [Trial court:] | So there are three counts, and that's a — that is a third-degree felony? |
| [Trial counsel:] | Yes. |
| [Trial court:] | Okay. All right. Sir, so just to re-apprise you, two counts are second-degree felonies, fifteen years plus fifteen years. The third count is possession of burglary tools. That is a third-degree felony punishable by up to five years in prison. Do you understand that? |
| [Bermudez-Gomez:] | Yes, Your Honor. |
| [Trial court:] | Do you understand, sir, that a lawful sentence in this case could be thirty-five years in the Department of Corrections if all |

|                      |                                                                                                    |
|----------------------|----------------------------------------------------------------------------------------------------|
|                      | charges were sentenced consecutively?                                                              |
| [Bermudez-Gomez:]    | Yes.                                                                                               |
| [Trial court:]       | Do you understand that, sir? That's not to say that will be the sentence, but do you understand that's a — |
| [Bermudez-Gomez:]    | Yes.                                                                                               |
| [Trial court:]       | — possibility?                                                                                     |
| [Bermudez-Gomez:]    | Yes. Yes, sir.                                                                                     |
| [Trial court:]       | Okay. Let's see. And do you still wish to enter your plea of guilty, and that it's in your best interests? |
| [Bermudez-Gomez:]    | Yes, Your Honor.                                                                                   |
| [Trial court:]       | Do you enter this plea of guilty freely, knowingly, and voluntarily? Right? You're —               |
| [Bermudez-Gomez:]    | Yes.                                                                                               |
| . . .                |                                                                                                    |
| [Trial court:]       | All right. The Court will accept the plea, finding that there is sufficient — a sufficient factual basis for the plea; you, sir, appear to be alert and intelligent; that the change of plea is entered freely and voluntarily; that you understand the rights you have, the rights that you are voluntarily giving up, and the consequences of your plea; and that you've been represented by able trial counsel with whom you are satisfied. |

"[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a

11

formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "Solemn declarations in open court carry a strong presumption of verity." 431 U.S. at 74. On federal habeas, the state court's finding that Bermudez-Gomez knowingly and voluntarily entered his plea is presumed correct, and Bermudez-Gomez fails to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(2).

Even though trial counsel testified that he advised Bermudez-Gomez that the maximum sentence was fifteen years in prison, the trial court's thorough plea colloquy refutes Bermudez-Gomez's claim that he did not know that the maximum was thirty-five years. The trial court asked Bermudez-Gomez if he understood that a thirty-five-year prison sentence was a possibility, and Bermudez-Gomez responded, "Yes. Yes, sir." (Doc. 12-2 at 33) After advising Bermudez-Gomez that the maximum sentence was thirty-five years in prison, the trial court asked Bermudez-Gomez if he still wanted to plead guilty, and Bermudez-Gomez responded, "Yes, Your Honor." (Doc. 12-2 at 33) The trial court cured any deficiency in trial counsel's performance, and Bermudez-Gomez cannot demonstrate prejudice under *Strickland*. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (citing *United States v. Gonzalez-Mercado*, 808 F.2d 796, 799–800 (11th Cir. 1987)). Consequently, the claim is refuted by the record and meritless.

In his petition, Bermudez-Gomez asserts that trial counsel was ineffective for not timely filing the motion to withdraw the plea and that appellate counsel was ineffective for not amending the initial brief to notify the state appellate court that he had moved to withdraw his plea. (Doc. 1 at 8–13) Bermudez-Gomez contends that this ineffective assistance of counsel excuses the default in state court. (Docs. 1 at 8–13 and 2 at 2–5, 13–16) To the extent that Bermudez-Gomez intends to independently raise these claims,

both are meritless. If trial counsel had timely moved to withdraw his plea, the motion would not have succeeded because, as explained above, the trial court advised Bermudez-Gomez that he faced thirty-five years in prison if he pleaded guilty and therefore his guilty plea was knowing and voluntary. If appellate counsel had amended the brief on appeal and timely raised the issue, the issue on appeal would not have succeeded for the same reason. Consequently, Bermudez-Gomez fails to demonstrate prejudice under *Strickland*. *Strickland*, 466 U.S. at 694.

Ground One is **DENIED**.

Accordingly, it is **ORDERED** that Bermudez-Gomez's petition (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter a judgment against Bermudez-Gomez and **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Bermudez-Gomez neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on February 28, 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE